CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
November 05, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **JASON SCOTT LIGHT,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00707 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **ALLENA KOVAK, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Jason Scott Light, Pro Se Plaintiff; Jamie H. Wood, WOODS ROGERS VANDEVENTER BLACK PLC, Roanoke, Virginia, for defendant Medical Provider; Brittany Shipley and Rosalie Fessier, TIMBERLAKE SMITH, Staunton, Virginia, for remaining defendants.*

The plaintiff filed this action under 42 U.S.C. § 1983, alleging that his rights were violated when officials removed him from a medication-assisted treatment program following a disciplinary charge for misuse of Suboxone. By Opinion and Order entered September 18, 2026, certain claims were dismissed, and the Clerk notified the defendants of this action so they may respond to remaining claims. The defendants have issued waivers of service and will be due to file responsive pleadings in accordance with applicable deadlines.

In the interim, the Clerk mailed a court Order to Light on October 1, 2026, which was returned as undeliverable on October 27, 2026. Mail Ret., Dkt. No. 51. According to information on the returned mailing, Light is no longer housed with the Virginia Department of Corrections, and no forwarding address was provided.

*Id.* Upon Light's initiation of this lawsuit, the court issued an Order directing Light to notify the court in writing immediately upon his transfer or release and provide a new address. Order 2, Dkt. No. 4. The court explicitly warned Light that his failure to notify the court of such a change of address will result in dismissal of this case. *Id.* Light understood this directive as evidenced by his prior filings of notices of address changes when he was transferred to Nottaway Correctional Center, Dkt. No. 8, Coffeewood Correctional Center, Dkt. No. 20, and Sussex 1 State Prison, Dkt. No. 33.

Without a current mailing address, the court cannot communicate with Light regarding next steps in the litigation and the matter is prevented from proceeding. Accordingly, I conclude that Light may have lost interest in prosecuting this action and will, therefore, dismiss it without prejudice. *See Burrell v. Shirley*, 142 F.4th 239, 249 (4th Cir. 2025) (providing that Federal Rule of Civil Procedure 41(b) provides an explicit basis for courts to dismiss a case for failure to prosecute or comply with court orders).

For these reasons, the operative Complaint will be dismissed without prejudice, and a separate Judgment will be entered.

ENTER: November 5, 2026

/s/ JAMES P. JONES
Senior United States District Judge